```
 1  ROBERT S. GIANELLI, #82116
    JOSHUA S. DAVIS, #193187
 2  ADRIAN J. BARRIO, #219266
    GIANELLI & MORRIS, A Law Corporation
 3  550 South Hope Street, Suite 1645
    Los Angeles, CA 90071
 4  Tel: (213) 489-1600; Fax: (213) 489-1611
    rob.gianelli@gmlawyers.com
 5  joshua.davis@gmlawyers.com
    adrian.barrio@gmlawyers.com
 6
    Attorneys for Plaintiff
 7  ROBIN GOOLSBY,
    on behalf of herself and all others
 8  similarly situated
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN GOOLSBY, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>ANTHEM, INC.; ANTHEM UM SERVICES, INC.,<br><br>      Defendants. | Case No.: 2:19-cv-00392<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR BENEFITS, DETERMINATION OF RIGHTS AND BREACH OF FIDUCIARY DUTY UNDER ERISA** |

Plaintiff, Robin Goolsby, on behalf of herself and all others similarly situated, herein sets forth the allegations of her Complaint against Defendants Anthem, Inc. and Anthem UM Services, Inc.

## INTRODUCTION

1. Defendant Anthem, Inc. states that "[w]e are one of the largest health benefit companies in terms of medical membership in the United States serving 40.2 million medical members through our affiliated health plans as of December 31, 2017."[1] Anthem, Inc. owns "Blue" organizations in California and many other states, as well as other subsidiaries.[2] Through its wholly-owned subsidiaries, including Defendant Anthem UM Services, Inc. ("Anthem UM"), Anthem, Inc. acts as a fully integrated company that is in the business of insuring and/or administering health insurance plans (both fully insured and self-insured), most of which are employer-sponsored and governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. ("Anthem plans").

2. With respect to all Anthem plans, Anthem UM serves as the claims administrator, responsible for determining whether claims are covered and effectuating any resulting benefit payment. Anthem, Inc. aids Anthem UM in its administrative duties by, among other things, participating with Anthem UM in the development of coverage guidelines, collaborating with Anthem UM on decisions regarding the types of claims that will be approved or denied, including the denial of the lipedema surgery claims alleged herein, and assisting Anthem UM in carrying out its various other administrative duties. As such, Defendants Anthem, Inc. and Anthem UM (jointly

---

[1] Anthem Inc.'s 2017 Securities and Exchange Commission Form 10-K, p. 3.

[2] Anthem, Inc. and its subsidiaries operate under the "Blue" moniker in California, Colorado, Connecticut, Georgia, Indiana, Kentucky, Maine, Missouri, Nevada, New Hampshire, New York, Ohio, Virginia and Wisconsin. Anthem also conducts business through subsidiaries such as Amerigroup, Simply Healthcare Holdings, HealthLink, UniCare, and CareMore Health Group, Inc.

"Anthem") have acted as ERISA fiduciaries with respect to all Anthem plans, including Plaintiff's plan.

3. Plaintiff brings this action to address Anthem's practice of improperly denying claims for surgical treatment of lipedema made by members under ERISA plans.

## JURISDICTION AND VENUE

4. This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) as it involves claims by Plaintiff for employee benefits under employee benefit plans regulated and governed by ERISA. Subject matter jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

5. The Court has personal jurisdiction over Defendants because ERISA provides for nationwide service of process, and each Defendant has minimum contacts with the United States. 29 U.S.C. § 1132(e)(2).

6. The claims of Plaintiff and the putative class arise out of policies Defendants issued, administered, and/or implemented in this District. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) (setting forth special venue rules applicable to ERISA actions).

## THE PARTIES

7. Plaintiff was at all relevant times covered under an employee benefit plan regulated by ERISA and pursuant to which Plaintiff is entitled to health care benefits. Plaintiff resides in Ventura County which is located within this District.

8. Anthem, Inc. and Anthem UM are corporations with their principal place of business in Indianapolis, Indiana. They administer and make benefit determinations related to ERISA health care plans around the country.

9. Anthem, Inc. and Anthem UM do not operate independently and in their own interests, but serve solely to fulfill the purpose, goals and policies of each other.

///

## SUBSTANTIVE ALLEGATIONS

**A.  Anthem's wrongful denial of lipedema surgery claims.**

10.  Lipedema is a rare condition that is chronic, progressive, painful, and immobilizing. It involves an abnormal buildup of adipose (fat) tissue, usually in the lower body but sometimes in the arms. Often misdiagnosed as obesity or lymphedema, lipedema primarily affects women. Symptoms of lipedema include disproportionately large, column-like legs, and disproportionate hips, stomach or buttocks. As lipedema progresses, patients become increasingly heavy in the lower body and expanding fat cells interfere with the pathways of lymphatic vessels.

11.  There are four stages of lipedema: Stage 1 in which there is a normal skin surface with enlarged hypodermal adipose tissue; Stage 2 with indentations of the skin and underlying adipose tissue similar to a mattress containing larger mounds of adipose tissue that grow as non-encapsulated masses, lipomas and angiolipomas; Stage 3 where large extrusions of tissue (skin and adipose tissue) cause gross deformations especially on the thighs and around the knees. Lymphedema, where lymph fluid develops dependently on the feet and hands increasing cranially due to dysfunctional lymphatics, can develop during any stage of lipedema, and is called lipolymphedema or Stage 4 lipedema.

12.  As lipedema progresses, it causes pain, mobility problems, joint disorders, and other physical problems that prevent patients from engaging in the activities of daily living.

13.  The only effective treatment for the pain and immobility caused by lipedema is a form of surgery called tumescent liposection. Durng this procedure, a solution is injected into the targeted areas. The solution contains epinephrine to help reduce bleeding, bruising, and swelling and lidocaine as a local anesthetic. The surgeon uses a gentle, vacuum-like instrument to remove excess fat. The removal of this tissue allows patients to gain mobility, reduce or eliminate pain, and lead a productive life.

14.  Anthem plans exlude from coverage those medical services that Anthem

considers "cosmetic."

15. Anthem has developed internal Medical Policies, that is, written directives on coverage positions Anthem takes with respect to certain medical treatments. Anthem has developed Medical Policies that identify certain treatments as "cosmetic" and not covered. Anthem follows these Medical Policies when deciding claims made under Anthem plans.

16. One such Medical Policy is Anthem's Medical Policy for Cosmetic and Reconstructive Services of the Trunk and Groin, No. ANC.00009 ("ANC.00009"). It provides in pertinent part:

> Lipectomy or liposuction is considered cosmetic and not medically necessary when the reconstructive criteria in this section are not met.

17. ANC.00009 further provides:

> Medically Necessary: In this document, procedures are considered medically necessary if there is a significant physical functional impairment AND the procedure can be reasonably expected to improve the physical functional impairment.
>
> Reconstructive: In this document, procedures are considered reconstructive when intended to address a significant variation from normal related to accidental injury, disease, trauma, treatment of a disease or congenital defect.
> …
> Cosmetic: In this document, procedures are considered cosmetic when intended to change a physical appearance that would be considered within normal human anatomic variation. Cosmetic services are often described as those that are primarily intended to preserve or improve appearance.

18. Anthem has followed a consistent practice of denying claims for tumescent liposuction to treat advanced lipedema in arms, legs, and other body parts on the basis the treatment is "cosmetic."

19. Contrary to Anthem's position, tumescent liposuction to treat the symptoms of lipedema is not cosmetic. It is medically necessary because the purpose

of the surgery is to treat a progressive, debilitating disease—lipidema—not to make the patients look better. Advanced lipedema causes pain, mobilitiy problems, joint disorders, and other debilitating conditions. The surgery addresses these functional problems so, by definition, it is not "cosmetic." Additionally, the surgery satisfies ANC.00009's recontructive criteria becaue it addresses the patients' grossly enlarged body structures (e.g., disproportionately large, column-like legs) that are "a significant variation from normal related to accidental injury, disease, trauma, treatment of a disease or congenital defect."

### B. Anthem's denial of Robin Goolsby's claim.

20. At all relevant times, Plaintiff Robin Goolsby was covered under an ERISA health plan through her employer.

21. Plaintiff was diagnosed with Stage 3 lipedema. Her advanced lipedema caused her pain, immobility, and other problems.

22. Plaintiff requested that Anthem provide coverage for tumescent liposuction and related procedures to treat her advanced lipedema. Her surgeon submitted a report to Anthem detailing Plaintiff's diagnosis of advanced lipedema, the progression of the disease, her need for treatment, and the effective use of tumescent liposuction to treat advanced lipedema.

23. On June 26, 2018, Anthem UM[3] sent a letter to Plaintiff's surgeon denying coverage for the proposed surgery for the following reason:

> The request tells us your doctor ordered a surgery using suction to take fat from under your skin (suction lipectomy or liposuction). The information we have shows that you have edema. This type of surgery is not approvable under your plan clinical criteria when used to improve appearance, but not improve health. For this reason, this request is denied as cosmetic. It may help your doctor to know that we reviewed this request using the health plan guideline, Cosmetic and Reconstructive Services of the Trunk and Groin (ANC.00009).

24. Plaintiff appealed this decision.

---

[3] The letter states that "Anthem UM Services, Inc. provides utilization management services for Anthem Blue Cross and Blue Shield."

25. On November 26, 2018, Anthem UM denied the appeal. Anthem UM said that its Medical Director was unable to authorize the surgery because he determined it "is used to improve appearance but not improve health" and, therefore, is "cosmetic" pursuant to ANC.00009.

26. Because Plaintiff was suffering from the effects of her progressive and debilitating lipedema, she paid out-of-pocket for the surgery.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action on behalf of herself and all others similarly situated as a class action pursuant to Federal Rules of Civil Procedure Rule 23. Pursuant to Rule 23(b)(1) and (b)(2), Plaintiff seeks certification of the following class:

> All persons covered under ERISA health plans, self-funded or fully insured, that are administered by Anthem and whose claims for liposuction treatment of their lipedema were denied as cosmetic.

28. Plaintiff and the class members reserve the right under Federal Rule of Civil Procedure Rule 23(c)(l)(C) to amend or modify the class to include greater specificity, by further division into subclasses, or by limitation to particular issues.

29. This action has been brought and may be properly maintained as a class action under the provisions of Federal Rules of Civil Procedure Rule 23 because it meets the requirements of Rule 23(a) and Rule 23(b)1 and (b)(2).

**A.  Numerosity.**

30. The potential members of the proposed class as defined are so numerous that joinder of all the members of the proposed class is impracticable. While the precise number of proposed class members has not been determined at this time, Plaintiff is informed and believes that there are a substantial number of individuals covered under Anthem plans who have been similarly affected.

**B.  Commonality.**

31. Common questions of law and fact exist as to all members of the proposed class.

### C. Typicality.

32. The claims of the named Plaintiff are typical of the claims of the proposed class. Plaintiff and all members of the class are similarly affected by Anthem's wrongful conduct.

### D. Adequacy of representation.

33. Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed class. Counsel who represent Plaintiff are competent and experienced in litigating large and complex class actions, including class actions against health plans such as Anthem.

### E. Superiority of class action.

34. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individual joinder of all members of the proposed class is not practicable, and common questions of law and fact exist as to all class members.

35. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

### F. Rule 23(b) requirements.

36. Inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for Anthem.

37. Adjudications with respect to individual class members would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

38. Anthem has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory

relief with respect to the class as a whole.

**FIRST CLAIM FOR RELIEF**
**DENIAL OF PLAN BENEFITS AND FOR CLARIFICATION OF RIGHTS UNDER AN ERISA PLAN [29 U.S.C. § 1132(a)(1)(B)]**

39. Plaintiff and the class members repeat and re-allege each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

40. 29 U.S.C. § 1132(a)(1)(B) entitles Plaintiff to recover benefits due and to enforce and clarify her rights to the benefits at issue.

41. As set forth above, Anthem has followed a practice of denying claims for tumescent liposuction and related procedures for the treatment of lipedema on the basis the treatment is cosmetic and excluded from coverage.

42. Pursuant to its practice, Anthem denied Plaintiff Robin Goolsby's request for liposuction surgery and related procedures to treat the symptoms of her lipedema on the basis the treatment was cosmetic. The surgery is medically necessary because the purpose of the surgery is to treat a progressive, debilitating disease—lipedema—not to make the patients look better. Advanced lipedema causes pain, mobility problems, joint disorders, and other debilitating conditions. The surgery addresses these functional problems so, by definition, it is not "cosmetic." Additionally, the surgery satisfies ANC.00009's reconstructive criteria because it addresses the patients' grossly enlarged body structures (e.g., disproportionately large, column-like legs) that are "a significant variation from normal to accidental injury, disease, trauma, treatment of a disease or congenital defect."

43. Plaintiff has exhausted her administrative remedies, as alleged above.

44. Based on the foregoing, Plaintiff and the class members seek the payment of medical expenses, interest thereon, a clarification of rights, and attorney fees.

**SECOND CLAIM FOR RELIEF**
**BREACH OF FIDUCIARY DUTY AND EQUITABLE RELIEF UNDER AN ERISA PLAN [29 U.S.C. § 1132(a)(3)]**

45. Plaintiff and the class members repeat and re-allege each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

46.     As alleged herein, Anthem has acted as an ERISA fiduciary with respect to the administration and claims decisions under Anthem plans and, in particular, has acted as an ERISA fiduciary in denying claims for liposuction to treat lipedema, as alleged herein.

47.     Anthem improperly denied Plaintiff's and the class members' claims for liposuction treatment of her lipedema in beach of its fiduciary duties, as alleged herein.

48.     Pursuant to 29 U.S.C. § 1132(a)(3), Plaintiff and the class members seek declaratory, equitable and remedial relief as follows:

    a.     An order declaring that Anthem's denials of claims for liposuction treatment for advanced lipedema are wrong and improper;

    b.     An injunction requiring Anthem to reevaluate and reprocess Plaintiff's and class members' claims without the erroneous denial bases under appropriate and valid medical criteria;

    c.     An injunction requiring Anthem to provide notice of the reevaluation and reprocessing in the form and manner required by ERISA to all class members;

    d.     An accounting of any profits made by Anthem from the monies representing the improperly denied claims and disgorgement of any profits;

    e.     Such other equitable and remedial relief as the Court may deem appropriate; and

    f.     Attorneys fees in an amount to be proven.

## REQUEST FOR RELIEF

Wherefore, Plaintiff and the class members pray for judgment against Anthem as follows:

1.     Benefits denied Plaintiff in an amount to be proven at trial, including interest;

2.     A clarification of rights to future benefits under the plan for all class members;

3.    Injunctive and declaratory relief, as described above;

4.    An accounting of any profits made and retained through the improper denial of claims and disgorgement of any profits;

5.    Attorneys fees; and

6.    Such other equitable and remedial relief as the Court may deem just and proper.

DATED: January 17, 2019                     GIANELLI & MORRIS

By:   /s/ Adrian J. Barrio
ROBERT S. GIANELLI
JOSHUA S. DAVIS
ADRIAN J. BARRIO
Attorneys for Plaintiff
ROBIN GOOLSBY