JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN GOOLSBY, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>ANTHEM, INC.; ANTHEM UM SERVICES, INC.,<br><br>                    Defendants. | Case No.: 2:19-cv-00392-DSF (KSx)<br><br>**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND JUDGMENT** |

The Court having considered the Motion of Plaintiff Robin Goolsby, on behalf of herself and the Class, for final approval of the class action Settlement reached with Defendants Anthem, Inc. and Anthem UM Services, Inc. (collectively, "Anthem") in this lawsuit (the "Litigation") and all other matters presented to the Court, it is ORDERED, ADJUDGED, AND DECREED, as follows:

1. The Motion for Final Approval of Class Action Settlement is GRANTED.

2. This Final Order Approving Class Action Settlement and Judgment ("Final Order and Judgment") incorporates and makes part hereof: (a) the Parties' Settlement Agreement filed on April 17, 2020, and all supporting exhibits (collectively the "Agreement") [Dkt. No. 36-1]; (b) the Revised Class Notice filed on May 18, 2020 ("the Class Notice") [Dkt. No. 38-1]; and (c) the Court's findings and conclusions contained in its Order Granting Motion for Preliminary Approval of Class Action Settlement [Dkt. No. 39] (the "Preliminary Approval Order"). All defined terms in this Final Order and Judgment shall have the same meanings as in the Agreement.

3. All preliminary findings and conclusions in the Court's Preliminary Approval Order are made final.

4. The Court has personal jurisdiction over all members of the Class. The Court has subject matter jurisdiction over the claims asserted in this Litigation to approve the Settlement, and all exhibits attached thereto. Venue is proper. The Settlement is fair, reasonable, and adequate, and consistent and in compliance with the applicable provisions of the United States Constitution, its Amendments, and the Federal Rules of Civil Procedure, as to, and in the best interests of, the Settlement Class. The Court also finds that the Settlement was concluded only after Plaintiff and Anthem conducted their own investigations and evaluations of the factual and legal issues raised by Plaintiff's claims, as well as Anthem's defenses, and is the result of arms-length negotiations. No objections have been made to the Settlement by any member of the Class. Accordingly, the Settlement is finally approved.

5. The Class, as defined at page 3 of the Settlement, paragraph 9(b) is finally certified for settlement purposes.

     6.     The Court directs the Parties and their counsel to implement and consummate the Settlement according to its terms and provisions.

     7.     Pursuant to the Court's Preliminary Approval Order, the notice requirement was satisfied in that the Class Administrator sent the Class Notice to each Class Member in the Class, no later than 45 days after entry of the Preliminary Approval Order, by first-class mail, postage prepaid, to each Class Member's last known address, and where necessary, further steps were taken in accordance with the Agreement to obtain updated addresses when the mail was returned as undelivered and to re-send the Class Notice. Class Members had the opportunity to object to the Settlement and the Agreement, or to exclude themselves from the Class, and they were informed of the date, time, and location of the Final Approval Hearing. These procedures afforded protections to persons in the Class and provide the basis for the Court to make an informed decision on approval of the Settlement based on the responses of Class Members.

     8.     The Class Notice and all other instruments provided to the Class Members:

          (a)     constituted the best practicable notice under the circumstances;

          (b)     constituted notice that was reasonably calculated to apprise Class Members of the pendency of the Litigation, their right to object to or exclude themselves from the proposed Settlement and to appear at the Final Approval Hearing;

          (c)     were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and

          (d)     met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution, and its Amendments, including the Due Process Clause.

     9.     Class Counsel and Plaintiff adequately represented the Class for purposes of entering into and implementing the Settlement.

     10.     No Class Members have requested exclusion from the Class.

     11.     Class Counsel are awarded attorneys' fees and costs in the amount of $434,500.00 ("Class Counsel Payment"). This amount covers any and all claims for attorneys' fees, expenses, and costs incurred by any and all Class Counsel in connection with the Settlement of the Litigation and the administration of such Settlement. Class Counsel Payment shall be provided by Anthem to

Gianelli & Morris in accordance with Paragraph 18 of the Settlement. Because the amount of the fee award was a subject of arms-length negotiation between the Parties, is being paid directly by defendant to Plaintiff's counsel, and has no impact on the recovery to the Class, the Court finds no need to perform a lodestar analysis and therefore expressly makes no findings concerning the reasonableness of the hours spent or the hourly rates.

12. As an incentive award for participation as Class Representatives in the Action, the Court awards $15,000 to Plaintiff Robin Goolsby. Anthem shall pay the incentive award in addition to any relief that Plaintiff is entitled to receive as a Class Member. Anthem shall pay the incentive award in accordance with Paragraph 18 of the Settlement. As the incentive award has no impact on the recovery to the Class, the Court approves the Parties' negotiated amount, though it is more than the Court otherwise would have awarded.

13. The release of claims set forth in Paragraphs 14 -15 of the Settlement is incorporated herein and effective as of the date of this Final Order and Judgment, and forever discharges the Released Parties from any claims or liabilities arising from or related to the Released Claims.

14. Without affecting the finality of this Final Order and Judgment for purposes of appeal, the Court shall retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement and this Order, and for any other necessary purpose; *provided, however,* that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights under Paragraphs 17, 18, and 19 of this Final Order and Judgment. The Parties submit to the jurisdiction of the Court for purposes of administration, construction, consummation, enforcement, and interpretation of the Settlement.

15. The Settlement is binding on, and has *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and any other Class Members, as well as their Related Parties that allege Released Claims, as defined in the Settlement.

16. Neither this Final Order and Judgment, nor the Settlement, nor any other document referred to herein or therein, nor any action taken to carry out this Final Order and Judgment or the Settlement is, may be construed as, or may be used as an admission or concession by or against

Anthem of the validity of any claim or any actual or potential fault, wrongdoing or liability whatsoever. Entering into or carrying out the Settlement, and any negotiations or proceedings relating to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to Plaintiff's claims or Anthem's denials or defenses, and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency or other tribunal for any purpose whatsoever, except as evidence of the Settlement or to enforce the provisions of this Final Order and Judgment or the Settlement; provided, however, that this Final Order and Judgment and the Settlement may be filed in any action against or by Anthem or the Class Members to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith Settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim to the extent allowed by law.

17. The Parties are authorized, without further approval from the Court, to agree to and adopt such non-substantive amendments, modifications, or expansions of the Settlement and all exhibits attached thereto that are consistent with this Final Order and Judgment, and that do not limit the rights of persons in the Settlement Class. Any substantive amendments, modifications, or expansions of the Settlement and the exhibits attached thereto shall require prior approval by the Court.

18. Any work product retained by Plaintiff or Class Counsel that is based on or incorporates information designated as Confidential Material pursuant to the terms of the Protective Order previously entered in this case and provided by Anthem shall be deemed Confidential Material pursuant to the terms of the Protective Order, and the disclosure or use of such materials shall be subject to the same restrictions as Confidential Materials pursuant to the terms of the Protective Order previously entered in this case.

19. Each and every Class Member who has not been excluded from the Settlement, and their Related Parties, are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal,

administrative forum, or other forum of any kind, asserting any of the Released Claims against any of the Released Parties, except for claims to enforce the Settlement.

20. Section 1715(b) of the Class Action Fairness Act of 2005 requires a settling defendant to "serve upon the appropriate State official of each State in which a class member resides and the appropriate Federal official" a specified group of documents describing the settlement. Pursuant to section 1715(d), final approval cannot be issued earlier than 90 days after notice is given under section 1715(b). Anthem served the necessary documents, through the Class Administrator, upon the appropriate officials on April 27, 2020. This order is signed more than 90 days after Anthem served the documents. The Court therefore finds that Anthem is in full compliance with the Class Action Fairness Act, 28 U.S.C. section 1715.

21. This Order is a final judgment.

IT IS SO ORDERED.

DATED: September 28, 2020

Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE